# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **KATRINA BURNS;** | ) | |
| | ) | |
| **Plaintiff;** | ) | CV-2011-_____-_____ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ARISTOI, INC;** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, KATRINA BURNS ("Plaintiff"), by and through her attorney, and for her complaint against Defendant ARISTOI, INC ("Aristoi"), hereby states and alleges as follows:

## NATURE OF THE CASE

1.  This is an action for damages, declaratory and injunctive relief to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* (hereinafter "Title VII"), and 42 U.S.C. § 1981, for racial discrimination and for retaliation for having complained of racial discrimination.

## JURISDICTION AND VENUE

2.  This action arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq., and under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

3.  Jurisdiction over this action is conferred on this Court by 42 U.S.C. § 2000(e), et seq., and by 42 U.S.C. § 1981.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

5. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6. Venue is proper pursuant to 28 U.S.C. § 139 1(b) and (c) since Defendant does business in this district and a substantial part of the conduct giving rise to the claims occurred in this district.

## PARTIES

7. The plaintiff is an African-American (or "Black") female citizen of the United States. The Plaintiff is employed by the Defendant and was employed with Defendant at all times during the alleged the discriminatory conduct complained of occurring beginning October 1, 2010 with the last discriminatory action occurring February 11, 2011.

8. The defendant is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981. The Defendant is doing business in the State of Alabama at the following physical address: 624 28TH STREET NORTH, BIRMINGHAM, AL 35203.

9. Defendant is registered as a corporation in Alabama. Defendant is subject to service of process in Alabama through its registered office: 2 20TH ST N, STE 901, BIRMINGHAM, ALABAMA 35243

## ADMINISTRATIVE PROCEDURES

10. On February 21, 2011, within 180 days of learning of the acts of discrimination and retaliation of which she complains, Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission (hereinafter "EEOC"), Charge No. 420-2011-01133. **(See Exhibit A)**.

11. Plaintiff received a Notice of Right to Sue from the EEOC dated August 31, 2011. **(See Exhibit B)**

12. Less than ninety (90) days have elapsed since Plaintiff received same, and Plaintiff has timely filed this suit within ninety (90) days of receipt of the right-to-sue letter issued by the EEOC.

## STATEMENT OF FACTS

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above with the same force and effect as if fully set out herein below.

14. Plaintiff began her employment with Defendant in February 7, 2007. During her time of employment with ARISTOI, Inc., Plaintiff has and continues to experience a pattern practice of discrimination against black employees as to work assignments, promotions, salaries, and duties.

15. Plaintiff has been subjected to racial comments, racial innuendo, and stereotypes from white employees in management positions, including the Company President, Charles Richard Street (**"Rich"**).

16. On January 24, 2011 Plaintiff was called into Rich's office in the presence of Tracy Baird (**"Tracy"**) (Vice President) and was informed that she was being demoted

3

from a supervisor position and her pay would be decreased due to the fact that Rich "heard from a reliable source that Plaintiff said something negative about the company".

17. When Plaintiff asked what was allegedly said Rich stated that it "was irrelevant and Tracy will let Plaintiff know whether she have a job with Aristoi by the end of the day and that Plaintiff should be lucky to work for Aristoi."

18. On February 11, 2011, during a company meeting, Plaintiff was further ostracized and humiliated when management announced in the meeting that Plaintiff would receive a bonus of $100.00 on her check "for having a positive attitude during her demotion."

19. Plaintiff alleges that she was wrongfully demoted and avers that same was done in violation of Title VII of the Civil Rights Act of 1964, as amended, because of her race, African American.

20. For same adverse and discriminatory employment action and conduct, Plaintiff filed a Charge of Discrimination with the EEOC on February 21, 2011. Soon thereafter, on March 9, 2011, Rich notified the managers and supervisors "to be careful of what they say" around Plaintiff because "she filed a racial discrimination charge against him." As a result of same comment and retaliation, although Plaintiff is still employed by Defendant, she has become a pariah within the company and among her colleagues and co-workers, further causing Plaintiff to be subjected to an adverse working environment.

21. The Defendant has no legitimate non-discriminatory reasons for its conduct.

22. The Plaintiff has been discriminated against because of her race, African American, in job/work assignments, promotions, and other terms and conditions of employment.

23. Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of Defendant's conduct.

24. Defendant acted with malice and/or reckless disregard for Plaintiff's rights.

25. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief.

26. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF 42 U.S.C. § 1981, RACE DISCRIMINATION -

27. Plaintiff re-alleges and incorporates by reference paragraphs 1-26 above with the same force and effect as if fully set out herein below.

28. Plaintiff alleges that she was wrongfully demoted from her supervisory position and avers that same was done in violation of Title VII of the Civil Rights Act of 1964, as amended, because of her race, African American.

29. Plaintiff's job duties were assumed by a white female with less experience.

30. The Defendant has no legitimate non-discriminatory reason for its conduct.

5

31. The Plaintiff has been discriminated against because of her race, African American, in job/work assignments, promotions, and other terms and conditions of employment.

32. 42 U.S.C. § 1981, prohibits discrimination in the making and enforcement of contracts, including but not limited to: all privileges, terms and conditions of the contractual relationship, and the termination of contracts on the basis of race.

33. Plaintiff had an at-will employment contract with Defendant.

34. Plaintiff's race was a determining factor in Defendant's decision to demote Plaintiff, subject Plaintiff to less favorable terms and conditions of employment, and harass Plaintiff during her period of employment under Defendant.

35. Defendant acted with malice and/or reckless disregard for Plaintiff's rights.

36. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

37. Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of Defendant's conduct.

38. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief.

39. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

40. Grant Plaintiff a declaratory judgment holding that the actions of the Defendant described herein above violated and continue to violate the rights of the Plaintiff as guaranteed by Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981.

41. Grant Plaintiff a permanent injunction enjoining the Defendant, its' agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981.

42. Grant Plaintiff an order requiring the defendant to make her whole by awarding her the position(s) she would have occupied in the absence of race discrimination, by awarding her reinstatement, back-pay (plus interest), front-pay, compensatory damages, punitive damages, nominal damages, lost seniority, lost pension and fringe benefits, attorney's fees, costs and/or expenses and all other relief as justice requires.

### COUNT II - VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) *et seq*, RACE DISCRIMINATION -

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-42 above with the same force and effect as if fully set out herein below.

44. Plaintiff alleges that she was wrongfully demoted from her supervisory position and avers that same was done in violation of Title VII of the Civil Rights Act of 1964, as amended, because of her race, African American.

45. Plaintiff's job duties were assumed by a white female with less experience.

46. The Defendant has no legitimate non-discriminatory reason for its conduct.

47. The Plaintiff has been discriminated against because of her race, African American, in job/work assignments, promotions, and other terms and conditions of employment.

48. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

49. Plaintiff's race was a determining factor in Defendant's decision to demote Plaintiff, subject Plaintiff to less favorable terms and conditions of employment, and harass Plaintiff during her period of employment under Defendant.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation, and damage to her professional reputation, in amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

51. Grant Plaintiff an order requiring the defendant to make her whole by awarding her the position(s) she would have occupied in the absence of race

discrimination, by awarding her reinstatement, back-pay (plus interest), front-pay, compensatory damages, punitive damages, nominal damages, lost seniority, lost pension and fringe benefits, attorney's fees, costs and/or expenses and all other relief as justice requires.

### COUNT III - VIOLATION OF 42 U.S.C. § 1981
### RETALIATION –

52. Plaintiff re-alleges and incorporates by reference paragraphs 1-51 above with the same force and effect as if fully set out herein below.

53. Plaintiff alleges that she was wrongfully demoted from her supervisory position and avers that same was done in violation of Title VII of the Civil Rights Act of 1964, as amended, because of her race, African American.

54. Plaintiff's job duties were assumed by a white female with less experience.

55. The Defendant has no legitimate non-discriminatory reason for its conduct.

56. The Plaintiff has been discriminated against because of her race, African American, in job/work assignments, promotions, and other terms and conditions of employment.

57. 42 U.S.C. § 1981, prohibits discrimination in the making and enforcement of contracts, including but not limited to: all privileges, terms and conditions of the contractual relationship, and the termination of contracts on the basis of race.

58. Plaintiff had an at-will employment contract with Defendant.

59. Plaintiff's race was a determining factor in Defendant's decision to demote Plaintiff, subject Plaintiff to less favorable terms and conditions of employment, and harass Plaintiff during her period of employment under Defendant.

60. Defendant, by and through its agents and employees, retaliated against Plaintiff as a result of her engagement in the protected activity detailed herein and above. These retaliatory actions by Defendant against Plaintiff directly relate to the terms and conditions of Plaintiff's employment with the Defendant and violate 42 U.S.C. §1981.

61. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of Defendant's conduct.

62. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief.

63. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

65. Grant Plaintiff a declaratory judgment holding that the actions of the Defendant described herein above violated and continue to violate the rights of the

Plaintiff as guaranteed by Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981.

67. Grant Plaintiff a permanent injunction enjoining the Defendant, its' agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981.

68. Grant Plaintiff an order requiring the defendant to make her whole by awarding her the position(s) she would have occupied in the absence of race discrimination, by awarding her reinstatement, back-pay (plus interest), front-pay, compensatory damages, punitive damages, nominal damages, lost seniority, lost pension and fringe benefits, attorney's fees, costs and/or expenses and all other relief as justice requires.

### COUNT IV - VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) *et seq*, RETALIATION –

69. Plaintiff re-alleges and incorporates by reference paragraphs 1-68 above with the same force and effect as if fully set out herein below.

70. Plaintiff alleges that she was wrongfully demoted from her supervisory position and avers that same was done in violation of Title VII of the Civil Rights Act of 1964, as amended, because of her race, African American.

71. Plaintiff's job duties were assumed by a white female with less experience.

72. The Defendant has no legitimate non-discriminatory reason for its conduct.

11

73. The Plaintiff has been discriminated against because of her race, African American, in job/work assignments, promotions, and other terms and conditions of employment.

74. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

75. Plaintiff's race was a determining factor in Defendant's decision to demote Plaintiff, subject Plaintiff to less favorable terms and conditions of employment, and harass Plaintiff during her period of employment under Defendant.

76. Defendant, by and through its agents and employees, retaliated against Plaintiff as a result of her engagement in the protected activity detailed above. These retaliatory actions by Defendant against Plaintiff directly relate to the terms and conditions of Plaintiff's employment with the Defendant and violate the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

77. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation, and damage to her professional reputation, in amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

78. Grant Plaintiff an order requiring the defendant to make her whole by awarding her the position(s) she would have occupied in the absence of race

discrimination, by awarding her reinstatement, back-pay (plus interest), front-pay, compensatory damages, punitive damages, nominal damages, lost seniority, lost pension and fringe benefits, attorney's fees, costs and/or expenses and all other relief as justice requires.

## DEMAND FOR JURY TRIAL

79.   Plaintiff re-alleges and incorporates by reference paragraphs 1-78 above with the same force and effect as if fully set out herein below.

80.   Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/David Lee Hubbard*
David Lee Hubbard   *ASB-7044-V68H*
Counsel for the Plaintiff
E-mail: hubbard@dlhlawfirm.com

**OF COUNSEL:**
**HUBBARD LAW FIRM**
2301 Morris Avenue, Rm. 213
Birmingham, Alabama 35203
(205) 994-2252 *(office)*
(205) 994-6408 *(fax)*

**SERVE DEFENDANT BY CERTIFIED MAIL
AT THE FOLLOWING ADDRESS:**

ARISTOI, INC
2 20TH ST N, STE 901
BIRMINGHAM, ALABAMA 35243